FILED

2008 APR 14  PM 3: 12

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
YOUNGSTOWN

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| FAURECIA EXHAUST SYSTEMS, INC | ) ) |
| Defendant. | ) ) |

4:08 CV 00950

CIVIL ACTION NO.

COMPLAINT      JUDGE LIOI

JURY TRIAL DEMAND

MAG. JUDGE GALLAS

### NATURE OF THE ACTION

This is an action under Title V of the Americans with Disabilities Act of 1990 and Title 1 of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Eugene F. Vallozzi, Jr. who was adversely affected by such practices. The Commission alleges that Faurecia Exhaust Systems, Inc, disciplined Mr. Vallozzi and terminated his employment in retaliation because he engaged in conduct protected under the ADA

### JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451,1331, 1337,1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12117(a),

which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Ohio, Eastern Division.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title 1 of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f), (1) and (3).

4.     At all relevant times, Defendant, Faurecia Exhaust Systems, Inc. (the "Employer), has continuously been a Delaware Corporation doing business in the State of Ohio and the City of Lordstown, and has continuously had at least 15 employees.

5.     At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C. §12111(7), which incorporates by reference Section 701(g) and (h) 0f Title VII, 42 U.S.C.§2000e (g) and (h).

6.     At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## STATEMENT OF CLAIMS

7.    More than thirty days prior to the institution of this lawsuit, Eugene F. Vallozzi,Jr. filed a Charge with the Commission alleging violations of Title V of the ADA by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.    Since at least March 24, 2006, Defendant Employer has engaged in unlawful employment practices at its Lordstown, Ohio facility in violation of Section 503(a) and (b) of Title V of the ADA, 42 U.S.C. Section12203(a)  through means of interference, coercion or intimidation by disciplining Mr. Vallozzi and terminating his employment in retaliation on account of his having engaged in conduct protected under the ADA

9.    The effect of the practices complained in Paragraph 8 above has been to deprive Mr. Vallozzi of equal employment opportunities and otherwise adversely affect his status as an employee because of his protected activity.

10.   The unlawful employment practices complained of in Paragraph 8 above were intentional.

11.   The unlawful employment practices complained of in Paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Mr. Vallozzi.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from

engaging in retaliatory conduct and any other employment practice which violates the ADA

B.    Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability, imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies prohibiting unlawful discrimination and retaliation; and requiring all managers and supervisors to report any incidents and/or complaints of discrimination and/or retaliation of which they may become aware to the department charged with handling such complaints.

C.    Order Defendant Employer to make whole Eugene F. Vallozzi, Jr., by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to job reinstatement for Mr. Vallozzi and front pay until such time as Mr. Vallozzi is returned to his former position..

D.    Order Defendant Employer to make whole Eugene F. Vallozzi, Jr. by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraph 8 above, including costs incurred in connection with job search expenses, medical expenses and other such expenses incurred which are not recovered as equitable relief under the ADA, in amounts to be determined at trial.

E.    Order Defendant Employer to make whole Eugene F. Vallozzi, Jr. by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in Paragraph 8 above, including, but not limited to, his

emotional pain and suffering, depression, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be proven at trial.

F.    Order Defendant Employer to pay Eugene F. Vallozzi, Jr. punitive damages for its malicious and reckless conduct, as described in Paragraph 8 above, in amounts to be determined at trial.

G.    Grant such further relief as the Court deems necessary and proper in the public interest.

H.    Award the Commission its costs of this Action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

RONALD S. COOPER
GENERAL COUNSEL

JAMES L.LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

Equal Employment Opportunity
Commission
1801 L Street, N.W.
Washington, D.C.  20507

JACQUELINE H. McNAIR
Regional Attorney
Philadelphia District Office
Philadelphia, PA   19107

C. Larry Watson
Associate Regional Attorney
Registration No.  0031443
larry.watson@eeoc.gov


Solvita A. McMillan
Trial Attorney
Registration No.  0040011
solvita.mcmillan@eeoc.gov

Equal Employment Opportunity
Commission
Cleveland Field Office
Anthony J. Celebreeze Federal Bldg.
1240 East Ninth Street, Suite 3001
Cleveland, Ohio   44199
(216) 522-7676