UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CASE NO. 4:08cv00950 |
| | ) | JUDGE SARA LIOI |
| Plaintiff, | ) ) | |
| v. | ) ) | MAGISTRATE JUDGE GALLAS |
| FAURECIA EXHAUST SYSTEMS, INC. | ) ) | PLAINTIFF EEOC'S MEMORANDUM IN |
| Defendant. | ) ) ) ) ) ) | OPPOSITION TO DEFENDANT'S MOTION FOR PATRIAL JUDGMENT ON THE PLEADINGS AND TO STRIKE JURY DEMAND |

**I. INTRODUCTION**

This Action was commenced on April 14, 2008, when the Equal Employment Opportunity Commission (hereinafter the "Commission" or "EEOC"), an agency of the United States, filed a Complaint alleging that Faurecia Exhaust Systems, Inc. ("Defendant" or "Faurecia"), committed violations of Title V of the Americans with Disabilities Act of 1990 (the "ADA"), as amended by Title I of the Civil Rights Act of 1991 (the "CRA of 1991).

In this action the Commission seeks to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Eugene F. Vallozzi, Jr. who was adversely affected by such practices.

Paragraph 8 of the Commission's Complaint alleges the following:

> Since at least March 24, 2006, Defendant Employer has engaged in unlawful employment practices at its Lordstown, Ohio facility in violation of Section 503(a) and (b) of Title V of the ADA, 42 U.S.C. Section 12203(a) through means of interference, coercion or intimidation by disciplining Mr. Vallozzi and terminating his employment in retaliation on account of his having engaged in conduct protected under the ADA.

The Commission's prayer for relief seeks, among other things, injunctive relief, backpay with prejudgment interest, job reinstatement for Mr. Vallozzi, front pay until such time as Mr. Vallozzi is returned to his former position, compensation for past and future pecuniary losses, including, but not limited to, emotional pain and suffering, and punitive damages for Defendant's malicious and reckless conduct.

On June 4, 2008, Defendant filed its Answer to Complaint and Affirmative Defenses, denying the violations alleged in the Commission's Complaint and asserting various defenses. On June 4, 2008, Defendant also filed a Motion for Partial Judgment on the Pleadings and to Strike the Jury Demand and Brief in Support (Defendant's "Motion" and "Brief").

Defendant in its Motion asks the Court to enter judgment in its favor with regard to Plaintiff's demand for compensatory and punitive damages.  Defendant submits that Plaintiff cannot recover such damages "as a matter of law."   Defendant also asks the Court to strike Plaintiff's jury trial demand based upon its contention that Plaintiff has "no statutory or constitutional right to a jury trial."   For the reasons set forth below, Defendant's Motion is not well-founded and should be denied.

**II. THE RELEVANT STATUTORY FRAMEWORK**

As Defendant's brief indicates, the remedial framework which is the basis for the Commission's claims for compensatory and punitive damages on behalf of Mr. Vallozzi implicates three separate statutes – the ADA, the CRA of 1991 and Title VII of the Civil Rights Act of 1964, as amended, ("Title VII of the CRA of 1964").  Brief, p. 3.

The ADA, 42 U.S.C §§ 12101 et seq., is a broad-ranging statute which prohibits disability based discrimination in three areas: employment, public services, and public accommodations. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007), citing *Shotz v. City of*

*Plantation, Fla*. 344 F.3d 1161, 1166 (11th Cir. 2003).   In order to understand the interrelationship between the ADA, Title VII of the CRA of 1964 and the CRA of 1991, for purposes of determining appropriate relief in this case, it is necessary to first understand the basic structure of the ADA.

**A.  The ADA**

1. <u>Title I – Employment</u>

Title I prohibits discrimination on account of disability in employment and covers the same employers and provides the same remedies contained in Title VII of the CRA of 1964, 42 U.S.C. § 2000e(b). See 42 U.S.C. §§ 12111-12117.

2. <u>Title II -  Public Services</u>

Title II bars discrimination by any state or local governmental entity providing public services and requires transportation facilities that are public to be accessible to individuals with disabilities.  Id. §§ 12131-12165.  Title II affords the remedies outlined in Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

3. <u>Title III - Public Accommodations and Services Operated by Private Entities</u>

Title III covers public entities and private entities which affect commerce.  Title III prohibits such entities from discriminating against disabled individuals in the provision of goods, services, facilities, privileges, advantages, or accommodations in public places.  Title III incorporates the remedies of Title II of the Civil Rights Act of 1964, 42 U.S.C.§ 2000a-3(a) [Prohibition against racial discrimination or segregation in places of public accommodation], See 42 U.S. §§ 12181-12189.

4. <u>Title IV - Telecommunications</u>

Title IV requires telephone voice transmission service carriers to provide services which

enable an individual who has a speech or hearing impairment to engage in communication by wire or radio with a hearing individual in a manner that is functionally equivalent to the ability of an individual who does not have such impairment.  The provisions of Title IV are enforced by the Federal Communications Commission. 42 U.S.C. § 225(e).

     5.     <u>Title V - Miscellaneous Provisions</u>

Title V sets forth various miscellaneous provisions, including the ADA's anti-retaliation provision at Section 503 of the Act, 42 U.S.C. § 12203 [Prohibition Against Retaliation and Coercion].  *See* 42 U.S.C. §§ 12201-12213.  Section 503 provides as follows:

> (a)    RETALIATION.--No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act.
>
> (b)    INTERFERENCE, COERCION, OR INTIMIDATION.--It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this Act.
>
> (c)    REMEDIES AND PROCEDURES.--The remedies and procedures available under sections 107, 203, and 308 of this Act shall be available to aggrieved persons for violations of subsections (a) and (b), with respect to title I [section 107 Employment - Enforcement], title II [section 203 Public Services- Enforcement] and title III [section 308 Public Accommodations and Services - Enforcement], respectively.

Notably, Section 503(c) under Title V of the ADA, 42 U.S.C. 12203(c), does *not* list any specific remedies.  Instead, as indicated above, Section 503(c) of Title V refers back to the separate enforcement provision found under each Title of the ADA.  See *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1169 (11th Cir. 2003).  Thus, for purposes of employment discrimination (as in this case), the *ADA's Title V Section 503 anti-retaliation provision incorporates the remedies provided at Section 107 of the Title I of the ADA, 42 U.S.C. § 12117.*

### B. Title V's Anti-Retaliation Remedies Under Title I Section 107 of the ADA

Section 107 of Title I of the ADA, 42 U.S.C. § 12117, is the enforcement provision that applies to causes of action challenging unlawful disability based employment discrimination. Section 107 provides in pertinent part as follows:

> The powers, remedies, and procedures set forth in . . . *42 U.S.C. . . . 2000e-5 . . . [Section 706 of Title VII of the Civil Rights Act of 1964]* shall be the powers, remedies, and procedures this title [Title I] provides to the [Equal Employment Opportunity] Commission, to the Attorney General, or to any person alleging discrimination on the basis of disability in violation of any provision of this Act, or regulations promulgated under [Title I] section 106, concerning employment.

Thus, the remedies available for violation of the ADA's Title V anti-retaliation provision, in the employment context, are coextensive with the remedies available for unlawful disability based discrimination under Title I of the ADA.

The remedies available for violation of Title I of the ADA are found in Section 706 of Title VII of the CRA of 1964, at 42 U.S.C. 2000e-5(g)(1). (Section 703 of Title VII, 42 U.S.C. 2000e-2(a)-(d) prohibits employment discrimination based upon race, color, religion, sex, or national origin). Consequently, in order to determine appropriate relief in this case, we must look to the remedies available under Section 706 of the 1964 CRA. 42 U.S.C. 2000e-5(g)(1).

### C. CRA of 1964 - Section 706 Remedies

As originally enacted, remedies available under Title VII of the CRA of 1964 were entirely equitable in nature. Under Section 706 of the Act, courts were authorized to award such remedies as injunctions, reinstatement, backpay, and lost benefits. *Pollard v. E.I. du Pont de Nemours*, 532 U.S. 843 (2001); *Landgraf v. USI Film Products*, 511 U.S. 244, 248 (1994).

The remedies available under Section 706 of Title VII were significantly expanded when Congress passed the CRA of 1991. Congress expressly found that "additional remedies under Federal law are needed to deter unlawful harassment and intentional discrimination in the

5

workplace." *Id.* Among other things, the CRA of 1991 authorizes an award of compensatory and punitive damages for individuals claiming intentional discrimination. *Landgraf*, at 511 U.S. 248. The CRA of 1991 also provides for a jury trial where compensatory or punitive damages are sought. *Id.*

Section 1977A of the CRA of 1991, 42 U.S.C. 1981a(a)(2), provides, in relevant part, that a complaining party may recover compensatory and punitive damages under the following circumstances:

> . . . against a respondent who engaged in unlawful intentional discrimination . . . under section 102 of the [ADA -- prohibiting disability based discrimination "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment"] . . . or committed a violation of section 102(b)(5) [of the ADA by failing to accommodate the known physical or mental limitations of an otherwise qualified individual with a disability].

In summary, the remedies available for ADA Title V employment-related retaliation are those remedies which are available for ADA Title I disability based employment discrimination. The remedies available for ADA Title I disability based employment discrimination are co-extensive with those remedies available for violations of Title VII of the CRA of 1964. The remedies available for violation of Title VII of the CRA of 1964 were expanded by the CRA of 1991 to include compensatory and punitive damages. Section 1977A of the 1991 CRA does not specifically reference Title V of the ADA. However, in the context of employment and for purposes of remedy, Title V's anti-retaliation provision is essentially merged by cross-reference with Title I of the ADA at Section 503(c) of the Act.

The statutory pathway required for determining the remedies now available for violations of the ADA's Title V anti-retaliation provision in the context of employment has been described as a "labyrinth." *Ostrach v. Regents of the Univ. of Cal.*, 957 Fed. Supp. 196, 201 (E.D. Cal.

1997).  The tedious path which must be followed for determining the statutory remedy ADA Title V employment retaliation claims is not unique.  As the Sixth Circuit has recognized, the remedies available for violation of the Rehabilitation Act of 1973 follow a similarly complicated pathway.  In *Johnson v. City of Saline*, 151 F.3d 564, 572-574 (6th Cir. 1998), the Sixth Circuit held that that compensatory damages are available under Title II of the ADA which incorporates by reference the "remedies, procedures, and rights" provisions of Section 504 of the Rehabilitation Act of 1973 which in turn, incorporates the remedies, procedures, and rights provisions of Title VI of the Civil Rights Act of 1964 which remedies have also been expanded to include compensatory damages.

### III. Defendant's Kramer Argument

Defendant argues that the rationale of the Seventh Circuit's decision in *Kramer v. Banc of America*, 355 F.3d 961 (7th Cir. 2004) "requires an entry of judgment in favor of Faurecia in regard to Plaintiff's demand for compensatory damages."  Brief at 4.  Likewise, Defendant maintains that Plaintiff's demand for a jury trial should be stricken based on the logic of *Kramer*.

The court in *Kramer* held that a plaintiff could not recover compensatory or punitive damages for retaliation under the ADA.  *Kramer*, 355 F.3d at 965-96.  The court in *Kramer* reasoned that, with respect to the ADA (as noted above), the CRA of 1991 only states that compensatory and punitive damages are available in claims brought under Section 102 of the ADA, 42 U.S.C. § 12112.  *Kramer*, 355 F.3d at 965-66.

As Defendant notes, a number of other courts have addressed the issue of the availability of compensatory and punitive damages for a violation of the ADA's Title V anti-retaliation provision in the context of employment discrimination litigation.   Thus far, the Fourth Circuit, in two unpublished opinions, followed *Krame*r.  See *Bowles v. Carolina Cargo, Inc.*, No. 03-1848,

100 Fed. Appx. 889 (4th Cir. June 14, 2004); *Rhoads v. F.D.I.C.*, No. 03-2373, 2004 WL 817649 (4th Cir. Apr. 16, 2004).  On the other hand, the Second, Eighth and Tenth Circuits have affirmed awards of compensatory damages in ADA retaliation cases, although none independently examined whether such damages are available under the Act.  *See Muller v. Costello*, 187 F.3d 298, 315 (2d Cir. 1999); *Stafne v. Unicare Homes*, 266 F. 3d 771 (8th Cir. 2001)(jury verdict for employer affirmed); *Foster v. Time Warner Entertainment,* 250 F.3d 1189, 1196-98 (8th Cir. 2001); *Salitoris v. Chrysler Corp.*, 306 F. 3d 562, 577 (8th Cir. 2002); *EEOC v. Wal-Mart Stores*, 87 F.3d 1241, 1249 (10th Cir. 1999).

At the District Court level, the results are split.  Some courts hold such damages are not available in ADA retaliation cases.  *Arredondo v. S2 Yachts dba Tiera Yachts*, 496 F. Supp.2d 831 (W.D. Michigan 2007), *Sink v. Wal-Mart Stores, Inc.*, 147 F. Supp. 2d 1085, 1100-01 (D. Kan. 2001); *Boe v. Allied Signal, Inc.*, 131 F. Supp. 2d 1197, 1202-03 (D. Kan. 2001); *Brown v. City of Lee's Summit*, No. 98-0438-CV-W-2, 1999 WL 827768 (W.D. Mo. June 1, 1999); *Johnson v. Ed Bozarth Park Meadows Chevrolet, Inc*., 297 F. Supp. 2d 1286 (D. Colo. 2004); *Witt v. County Ins. & Fin. Servs.*, No. 04C3838, 2004, WL 2644397 (N.D. Ill. 2004). *Shellenberger v. Summit Bancorp., Inc*., No. Civ. A. 99-5001, 2006 WL 1531792 (E.D. Pa. June 2, 2006); *Santana v. Lehigh Valley Hosp. and Health Network*, No. Vic. A. 05-CV-01496, 2005 WL 1941654 (E.D. Pa. Aug. 11, 2005); *Sabbrese v. Lowe's Home Ctrs., Inc.*, 320 F. Supp. 311 (W.D. Pa. 2004); *Cantrell v. Nissan N. Am., Inc.*, No. 3:03-0082, 2006 WL 724549 (M.D. Tenn. Mar. 21, 2006); *Idahosa v. Nord Cleaning Servs., Inc.*, No. 06-1005, 2006 WL 542981 (C.D. Ill. Mar. 3, 2006).

Cases holding such damages are available include *Edwards v. Brookhaven Sci. Assocs.*, 390 F. Supp. 2d 225, 235-236 (E.D.N.Y. 2005); *Noco Motor Fuels, Inc. v. Lovejoy-Wilson*, 242

8

F. Supp. 2d at 240-41; *Rhoads v. FDIC*, No. CCB-94-1548, 2002 WL 31755427 (D. Md. Nov. 7, 2002); *Ostrach v. Regents of the Univ. of California*, 957 F. Supp. 196, 200-01 (E.D. Cal. 1997); *Kotewa v. Living Independence Network Corp.*, No. CV05-426-S-EJL, 2007 WL 676681 (D. Idaho Mar. 1, 2007). *Rumler v. Dept of Corrections State of Florida*, 546 F.Supp.2d 1334 (M.D. Fla. 2008).

Notably, as set forth above in Section II. C, the Sixth Circuit has addressed this remedial issue in the context of an ADA Title II [Public Accommodations] violation and concluded that compensatory damages are available for ADA Title II violations by following the same "incorporation-by-reference" pathway established by Congress for ADA retaliation claims in the context of employment. In *Johnson v. City of Saline*, at 151 F.3d 564, 572-574, the Sixth Circuit relied upon the "general rule" that "absent clear direction to the contrary by Congress, the federal courts have the power to award any appropriate relief in a cognizable cause of action brought pursuant to a federal statute." (Citing *Franklin v. Gwinnett County Pub. Sch.*, 503 U.S. 60 (1992), where the Supreme Court held that compensatory damages are available under Title IX. *Id*. at 70-71. The Supreme Court in *Franklin* specifically found that Congress did not intend to limit that general rule in the case of Title IX. *Id*, at 503 U.S. 71).

It appears that most, if not all, commentators who have provided an in-depth analysis of this issue have concluded the *Kramer* case was wrongly decided. See, e.g., Katie Mueting, *A Case for Allowing Victims of ADA Retaliation and Coercion in Employment to Recover Legal Damages*, 92 Iowa L.Rev. 1493 (2007) (concluding the court in *Kramer* misinterpreted the ADA and CRA of 1991); Brian M. Saxe, *Comment, When a Rigid Textualism Fails: Damages for ADA Employment Retaliation*, 2006 Mich. St. L. Rev. 555, 562 (concluding the "new textualism" or the "plain meaning rule" of statutory construction was misapplied in *Kramer*); See also *Mark C.*

*Weber, Workplace Harassment Claims Under the Americans with Disabilities Act: A new Interpretation*, 14 Sta. L. & Pol'y Rev. 241, 262 (concluding legal damages are available for ADA retaliation following the required "incorporation-by-reference pathway"); *EEOC Compliance Manual*, Section 614, available at http:// www.eeoc.gov/policy/docs/retal.pdf. (Compensatory and punitive damages are available for retaliation claims brought under the Equal Pay Act and the Age Discrimination in Employment Act, as well as under Title VII of the Civil Rights Act of 1964 and the ADA).

### IV. COMPENSATORY AND PUNITIVE DAMAGES ARE AVAILABLE FOR VIOLATION OF THE ADA'S ANTI-RETALIATION PROVISION IN THE CONTEXT OF EMPLOYMENT

#### A. Specific Reference to the ADA's Title V Anti-retaliation in the CRA of 1991 is Unnecessary

Based upon the incorporation-by-reference pathway set forth above for ADA employment retaliation claims, there was no need for Congress to reference Title V's Section 503 anti-retaliation provision in the 1991 CRA to expand remedies for unlawful retaliation because this section was already incorporated into Title I at Section 107, 42 U.S.C. 12117.  A reference to Title V's anti-retaliatory provision in the 1991 CRA would have been superfluous.  Moreover, a reference to the ADA's Title V Section 503 anti-retaliation provision would have been inappropriate because this section also applies to ADA Titles II and III which address matters other than employment and have different enforcement mechanisms.

Notably, when drafting the CRA of 1991 Congress appropriately made a specific reference to the CRA of 1964's anti-retaliation provision for purposes of compensatory and punitive damages.   Unlike the ADA, the anti-retaliation provision at Section 704 of the 1964 CRA**,** 42 U.S.C. § 2000e-3, does not include an internal link to any other section of Title VII for purposes of remedy.

10

Congress could be assured that its 1991 amendment to the ADA's Section 107 remedies for disability based discrimination also covered the ADA's anti-retaliation provisions at Title V because those two sections were explicitly linked by Congress when the ADA was enacted. The same is not true for the 1964 CRA's Title VII anti-retaliation provision. The 1964 CRA's Section 704 anti-retaliation provision stands alone and does not mention the enforcement and remedies provisions found at Section 706 of the of the Act, 42 U.S.C. 2000e-5, or Section 703's substantive anti-discrimination provisions. Instead, Section 706 of the 1964 CRA authorizes enforcement actions and identifies remedies available for violation of both Section 703, prohibiting discrimination based upon race, color, religion, sex, or national origin, and for Section 704's anti-retaliation provision.

Thus, it was necessary for Congress to make a specific reference to the substantive provision at Section 704 of the 1964 CRA in order to expand the remedies for unlawful retaliation. Had congress failed to reference the 1964 Act's prohibition on retaliation in the 1991 CRA, an absurd result would have followed: Compensatory and punitive damages would have been available for a violation of the ADA's anti-retaliation provision through Section 102 of Title I, which is referenced in the 1991 CRA, while such damages would not have been available for retaliation claims under the 1964 CRA because Section 704 does not include any internal link to a remedial provision.[1]

---

[1] In other words, when expanding the remedies for suits brought under 706 of the 1964 CRA, Congress specifically referenced the substantive provisions of Section 703 of the 1964 CRA, prohibiting discrimination based upon race, color, religion, sex, or national origin. (See Section 1977A of the 1991 CRA, 42 U.S.C. 1981a). Once Congress specifically referenced the substantive provisions of Section 703 for purposes of expanding remedies available in Section 706 enforcement actions, it was obliged to do the same with respect to Section 704 in order to expand the remedies available for unlawful retaliation. As discussed above, the substantive provisions of Section of 703 and 704 are not internally linked with each other or with Section 706's enforcement and remedies provision. Under the structure of the 1964 CRA, Section 706 authorizes civil actions and remedies for substantive violations *as defined under Section 703 and 704* of the Act. Thus, when enacting the 1991 CRA, if Congress *had* specified

### B. Statutory Construction

As set forth above, the ADA's Title V anti-retaliation provision is linked, for purposes of remedy, to causes of action established in Titles I-III of the Act. Title I of the ADA in turn incorporates the remedies available for violations of Title VII of the 1964 CRA – which have been expanded by the 1991 CRA. Under principles of statutory construction, a "wholelistic" view of these three interconnected statutes dictates that when Title VII CRA 1964 remedies are expanded, ADA Title I remedies are likewise expanded. (The court in *Kramer* interpreted the ADA in a manner that is both inconsistent with the wholestic "piggyback" or incorporation-by-reference structure and policy of the ADA). Saxe, *supra* at 576.

Incorporation by reference is a form of "legislative shorthand" where the effect of an incorporation by reference is the same as if the referenced material were set out verbatim in the referencing statute. *Artistic Entertainment, Inc. v. City of Warner Robbins*, 331 F.3d 1196, 1206 (11th Cir. 2003). Moreover, it is a basic rule of statutory construction that when one statute incorporates another by reference, the effect of subsequent amendments to the incorporated statute (Title VII of the CRA 1964 in this case) depends upon whether the incorporation in the "original enactment" (Title I of the ADA in this case) was "general or specific."

In *EEOC v. Chrysler Corp.*, No. 81-72347, 1982 WL 406 (E.D.Mich. 1982), the court addressed an analogous situation with regard to the impact of amendments to the Fair Labor Standards Act ("FLSA") which became effective after that statute was incorporated by reference into the Age Discrimination in Employment Act ("ADEA"). The court in *Chrysler* observed that "the majority of courts interpret the incorporation to be general and give effect to subsequent

---

expanded remedies for *Section 703* violations in suits authorized by Section 706 – without also referencing Section 704 -- compensatory and punitive damages would not have been available for violation of the 1964 CRA's anti-retaliation provision.

amendments." The court held that given the "complex interplay" of two statutory schemes (the ADEA and FLSA), one of which is incorporated into the other, warrants the conclusion that a "facially specific references" in the ADEA to certain sections of the incorporated statute [FLSA] "actually operates as a general one." *Id.* at *2, citing *Director, Office of Workers' Compensation Programs v. Eastern Coal Corp.*, 561 F.2d 632, 638 (6th Cir. 1977). The same complex interplay exists with respect to the ADA and the 1964 CRA. Therefore, in the present case, this Court should follow the decision in *Chrysler*.

When enacting the ADA, Congress incorporated the full "powers, remedies, and procedures" set forth in Section 706 of the CRA of 1964 as "the powers, remedies, and procedures" of the ADA. (In addition to Section 706, Sections 705, 707, 709 and 710 of the CRA of 1964 are incorporated by the ADA). By incorporating the entire Section 706 enforcement scheme of the CRA of 1964 into Title I of the ADA (as well as other major provisions of the 1964 CRA), Congress clearly intended the enforcement mechanisms, including the remedies, under both statutes to be the same. Thus, as in the *Chrysler* case, any later amendments to the remedial or other aspects of Title VII's enforcement scheme, also apply to rights and remedies conferred by the employment provisions of the ADA. This includes the right to seek the full range of remedies now available for a violation of the 1964 CRA Act, in suits where the plaintiff alleges a violation of the ADA's Title V anti-retaliation provision in the context of employment. (See also *Bordeaux v. Hunt*, 621, F.Supp. 637, 641 (D.C.S.D. 1985) (When a statute adopts the general law on a given subject, the reference is construed to mean that the law is as it reads thereafter at any given time includes amendments subsequent to the time of adoption. Citing 2A *Sutherland, Statutory Construction*, § 5107 (4th Ed.); *Muenic v. U.S.*, 410 F. Supp 944 (D.C. Ind. 1976)(Adoption by reference is construed to mean that the law as it reads

13

thereafter at any given time including amendments subsequent to the time of adoption. This is to be contrasted with adoption by reference limited and particular provisions of another statute, in which case the reference does not include subsequent amendments); *Doe v. Indiana*, 550 F.Supp. 1204 (D.C.Ind. 1982).

The legislative history of the ADA also indicates that Congress intended the legal remedies available for violation of the employment provisions of the ADA to be the same as those available under the 1964 CRA. The House Committee on the Judiciary specifically contemplated the expansion of CRA of 1964 remedies at the time the ADA was enacted. Regarding the incorporation of remedies from the CRA of 1964 into the ADA's employment provisions, the Committees report indicates the following:

> A bill is currently pending in the Judiciary and Education and Labor Committees, H.R. 4000, which would amend the powers, remedies and procedures of title VII of the Civil Rights Act of 1964. Because of the cross-references to title VII in Section 107 [of the ADA] any amendments to title VII that may be made in H.R. 4000 or in any other bill would be *fully* applicable to the ADA. H.R.REP. 101-485(III), 1990 U.S.C.C.A.N. 445. (emphasis added).

Also, when enacting the CRA of 1991, Congress indicated that compensatory and punitive damages serve the important public policy functions of preventing and deterring intentional discrimination in the workplace.

> Compensatory damages also raise the cost of an employer's engaging in intentional discrimination, thereby providing employers with additional incentives to prevent intentional discrimination in the workplace before it happens. Punitive damages serve the important purposes of punishing egregious discrimination reinforcing the public policy against discrimination adding to the deterrent value of damages. 137 Cong. Rec. 30,661 (1991).

### C.  U.S. Supreme Court Decisions Rendered After the Seventh Circuit's Decision in *Kramer*

At least four U.S. Supreme Court decisions rendered since *Kramer* have recognized the importance of anti-retaliation provisions in effectuating the protections afforded by Federal civil

rights laws. *Jackson* v. *Birmingham Bd. of Ed.*, 544 U.S. 167, 173-174, 176 (2005) (holding that Title IX of the Education Amendments of 1972 includes a private right of action encompassing claims of retaliation, despite Title IX's failure to use the word "retaliation." Title IX's objective "to prevent the use of federal dollars to support discriminatory practices . . . [and] to provide individual citizens effective protection against those practices . . . would be difficult, if not impossible to achieve if persons who complain about sex discrimination did not have effective protection against retaliation." *Id.* at 544 U.S. 180). *Gomez-Perez v. Potter, Postmaster General*, **---** S.Ct. ----, 2008 WL 2167189 (U.S.) (Holding that federal employees can sue their agencies if they were retaliated against for complaining about age discrimination, notwithstanding the absence of an express retaliation provision in the federal-sector provision of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 633a(a)). *CBOCS West, Inc. v. Humphries*, 128 S.Ct. 1951 (U.S. 2008) (holding that 42 U.S.C. § 1981 [prohibiting intentional race discrimination in the making and enforcing of contracts in the public and private sectors] encompasses retaliation claims notwithstanding Congress' failure to include an explicit anti-retaliation provision in its 1991 amendment of the statute). *Burlington Northern & Santa Fe Railway Co., v. White*, 548 U.S. 53 (2006) (holding that application of Title VII of the CRA 1964's retaliation provision is not limited to employer's employment-related or workplace actions).

  The Supreme Court has held that "retaliation is discrimination." *Jackson*, 544 U.S. at 167. Thus, as Congress intended, compensatory and punitive damages should be available for violations of the ADA's prohibition on retaliation in the employment context --  in order to serve the important public policy functions of preventing intentional discrimination in the workplace before it happens and deterring violations by punishing egregious discrimination. As noted in

15

Section II. C above, The CRA of 1991 also provides for a jury trial where compensatory or punitive damages are sought. 42 U.S.C. §1981a(c).

### IV. CONCLUSION

For all of the foregoing reasons, the Commission respectfully requests this Court to enter an order denying Defendant's "Motion for Partial Judgment on the Pleadings and also to Strike the Jury Demand."

                                  Respectfully submitted,

                                  RONALD S. COOPER
                                  GENERAL COUNSEL

                                  JAMES L. LEE
                                  Deputy General Counsel

                                  GWENDOLYN YOUNG REAMS
                                  Associate General Counsel
                                  Washington, D.C.

                                  JACQUELINE MCNAIR
                                  Regional Attorney
                                  Philadelphia District Office
                                  Philadelphia, PA 19106

                                  C. LARRY WATSON
                                  Associate Regional Attorney
                                  Registration No. 0031443
                                  Larry.Watson@eeoc.gov

                                  <u>/s/Solvita A. McMillan</u>
                                  SOLVITA A. MCMILLAN
                                  Senior Trial Attorney
                                  Registration No. 0040011
                                  EEOC Cleveland Field Office
                                  Anthony J. Celebrezze Office Building
                                  1240 East Ninth Street    Suite 3001
                                  Cleveland, Ohio 44199
                                  (216) 522-7676
                                  (216) 522-7430 fax
                                  Solvita.McMillan@eeoc.gov

**CERTIFICATE OF SERVICE**

Undersigned counsel certifies the foregoing Plaintiff EEOC's Motion to File Instanter Corrected Memorandum in Opposition to Defendant's Motion for Partial Judgment on the Pleadings and to Strike Jury Demand, with the Attached Corrected Memorandum, was electronically filed this 13th day of August, 2008.  Notice of this filing will be sent to all parties by operation of the Court's electronic case filing system. Parties may access these filings through the Court's electronic case filing system.

/s/Solvita A. McMillan
Trial Attorney (0040011)

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Cleveland Field Office
AJC Federal Bldg., Suite 3001
1240 East Ninth Street
Cleveland, OH    44199
solvita.mcmillan@eeoc.gov
Tel. 216-522-7676
Fax. 216-522-7430