UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CASE NO.: 4:08-CV-00950 |
| | ) | JUDGE LIOI |
| Plaintiff, | ) ) | MAGISTRATE JUDGE GALLAS |
| | ) | |
| vs. | ) ) | **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO FILE** |
| FAURECIA EXHAUST SYSTEMS, INC., | ) ) | **INSTANTER CORRECTED MEMORANDUM** |
| Defendant. | ) ) ) | |

Defendant Faurecia Exhaust Systems, Inc. ("Faurecia") submits this Response in opposition to Plaintiff Equal Employment Opportunity Commission's ("EEOC") "Motion for leave to File Instanter Corrected Memorandum in Opposition to Defendant's Motion for Partial Judgment on the Pleadings and to Strike Jury Demand." (EEOC Motion, Docket Entry No. 16). In support of this Response, Faurecia shows the Court as follows:

**I.  Relevant Background Information**

In order to appreciate what EEOC has asked of this Court, one must understand: 1) the relevant procedural history, 2) the subsequent communications between the parties, and 3) the stated purpose of EEOC's Motion in conjunction with the "Corrected" Memorandum it offers. These matters are discussed, in turn, below.

    a.  Procedural History:  Motion, Response, and Reply

On June 4, 2008, Faurecia filed a Motion for Partial Judgment on the Pleadings and to Strike the Jury Demand and an accompanying memorandum. (Motion & Memorandum, Docket Entry Nos. 8 & 9).  A Case Management Conference was then held on June 26, 2008, at which

time "[t]he Court granted [EEOC's] request for an extension of time for filing opposition to [Faurecia's] motion." (Minute Entry, June 28, 2008). Specifically, the Court ordered that the EEOC's "response in opposition shall be filed on or before July 21, 2008" and Faurecia's "reply is due on or before August 4, 2008." (*Id*.).

EEOC filed its response at 8:21 p.m. on the evening of July 21, 2008 – 47 days after Faurecia filed its Motion. (EEOC Response, Docket Entry No. 13). The response was "respectfully submitted" by six attorneys employed by EEOC and was signed by one of its "Senior Trial Attorneys." (*Id.* at p. 15-16). Faurecia then filed a timely Reply on August 4, 2008. (Faurecia Reply, Docket Entry No. 14). This concluded the briefing provided for under Local Rule 7.1. L.R. 7.1(a)-(e); (*See* Scheduling Order, p. 4, Docket Entry No. 10 ("Motion practice shall be guided by LR 7.1, as well as all applicable Federal Rules of Civil Procedure.")).

 b. <u>Counsel for EEOC Subsequently Contacts Counsel for Faurecia Regarding EEOC's Response</u>

On August 11, 2008, one week after the conclusion of the briefing on Faurecia's Motion, counsel for EEOC contacted counsel for Faurecia via telephone. (Exhibit "A" - Kittaka Aff., ¶3). During that call, counsel for EEOC explained that she had reviewed Faurecia's Reply and believed that EEOC had incorrectly cited to one statutory section. (*Id*. at ¶3). Specifically, counsel for EEOC stated that EEOC would like to change a citation from "section 704 to section 703." (*Id*. at ¶4). In order to make this change, counsel for EEOC indicated that she wanted to have a conference call with the Clerk and inquired whether counsel for Faurecia would be available to participate in such a call on the morning of August 13, 2008. (*Id*. at ¶5). Counsel for Faurecia confirmed his availability on that date. (*Id*. at ¶5).

No call ever came on the morning of August 13, 2008. (*Id*. at ¶6). Instead, counsel for EEOC contacted counsel for Faurecia at approximately 4:30 p.m. that afternoon and without

2

involving the Clerk. (*Id*. at ¶6). At that time, counsel for EEOC indicated that the proposed changes would be more extensive than the substitution of one statutory section for another. (*Id*. at ¶6). Specifically, she stated that EEOC wanted to file a "corrected" brief that would fix some errors in citations as well as add a footnote to explain her argument. (*Id*. at ¶7). When questioned about the content of the footnote, counsel for EEOC indicated that it was necessary as EEOC's argument was "not expressed correctly" and was "unclear." (*Id*. at ¶7). At that point, counsel for Faurecia indicated that: 1) this was not what the parties discussed two days earlier, 2) such a filing would be an unwarranted sur-reply as opposed to a ministerial correction, and 3) if the EEOC submitted such a filing, Faurecia would be forced to object to it. (*Id*. at ¶8). Undeterred, the EEOC filed its Motion for leave to File Instanter Corrected Memorandum a few hours later. (EEOC Motion, Docket Entry No. 16).

    c. EEOC Attempts to "Correct" Its Response

As noted above, EEOC has moved the Court for leave to file a "corrected" Response. In its Motion, EEOC states that it reviewed Faurecia's Reply and realized that "certain references made to statutory provisions discussed in Section IV-A of [EEOC's Response] brief needed to be corrected." (*Id*. at p. 1). EEOC then quickly assures the Court that the "corrected memorandum is *not* in the nature of a sur-reply" and merely "articulates the same argument" with "appropriate statutory references and a footnote intended to clarify those references." (*Id*. at p. 1-2 (emphasis in original)).

EEOC did not provide a "redlined" version comparing its original Response to the corrected version or any other way for the Court to appreciate exactly what changes have been made. As a result, Faurecia was required to create such a "redlined" document and has attached portions of it for the Court's reference. (Exhibit "B" – Redlined Response). This document

3

reveals that EEOC added to or modified portions of its Response beyond the "correction" of a statutory citation or the addition of a footnote.  Moreover, even the footnote is significant as it is nothing more than additional legal argument that would span approximately half of a page if properly double spaced in 12-point font.  (*See* Scheduling Order, p. 4, Docket Entry No. 10 ("the main text of all documents shall be at least 12-point, double-spaced"); L.R. 10.1 ("All . . . documents presented for filing shall be . . . double-spaced except for quoted material.")).

**II.** **Argument & Authority**

    a.  Authority Regarding Supplemental Briefing

In the Northern District of Ohio, as in many other districts, "Local Rule 7.1 does not provide for the filing of sur-reply briefs, and sur-replies are not permitted without the Court's express permission upon a showing of good cause."  *Am. Gen. Life Ins. Co. v. Schoenthal Family, LLC*, 2007 U.S. Dist. LEXIS 84076, *2 n.1 (N.D. Ga. Nov. 14, 2007); *Dobbins v. NASD*, 2007 U.S. Dist. LEXIS 61767, *3-4 n.1 (N.D. Ohio Aug. 22, 2007) (citing N.D. Ohio L.R. 7.1); *see Christian v. College Boulevard Nat'l Bank*, 820 F. Supp. 1293, 1298 (D. Kan. 1993) (where local rule "allows for the filing of motions, responses, and replies," additional briefing "requires leave of the court").

"To demonstrate good cause for considering a sur-reply, one must show that the reply filed by the opposing party raised new arguments that were not included in the original motion."  *In re An Application to Enforce Admin. Subpoena*, 507 F. Supp. 2d 45, 49 n.3 (D.D.C. 2007); *Geib v. James*, 2007 U.S. Dist. LEXIS 65010, *26 n.3 (M.D. Pa. Aug. 31, 2007) ("purpose of a sur-reply is to address any new issues or legal bases which are asserted for the first time in a reply brief").  In the absence of such good cause, "[n]either fairness nor judicial economy justifies further briefing."  *Id.*; *see Wood v. B.C. Daniels, Inc.*, 2008 U.S. Dist. LEXIS 40955, *1

n.1 (S.D. Ala. May 21, 2008) ("filing of sur-replies is discouraged because of the inefficiencies inherent in an interminable thrust-and-parry debate between the parties").

While likely evident from the authorities presented above, federal courts "discourage additional filings beyond the motion, response, and reply without compelling reasons or exceptional circumstances." *Alcan Aluminum Corp. v. BASF Corp.*, 133 F. Supp. 2d 482, 491 (N.D. Tex. 2001); *Studio & Partners, s.r.l. v. KI*, 2008 U.S. Dist. LEXIS 11321, *29 (E.D. Wis. Feb. 14, 2008) ("sur-replies are generally discouraged"); *Fisher v. Ciba Specialty Chems. Corp.*, 2007 U.S. Dist. LEXIS 76174, *10 n.4 (S.D. Ala. Oct. 11, 2007) (noting "the disfavor with which sur-replies are regarded in federal court").

b. EEOC's "Motion for Leave to File Instanter Corrected Memorandum"

i. EEOC's Motion is Disingenuous

Setting aside the merits of both EEOC's Motion as well as the corrected brief it seeks to submit, EEOC has not been entirely forthcoming with the Court. A review of EEOC's Motion would lead one to believe that it seeks to correct a few citations to statutory sections (*i.e.*, substitute one number for another number) and add a non-substantive footnote. This is inaccurate.

While EEOC conspicuously failed to provide the Court with a way to assess what it actually seeks to change, Faurecia's analysis has revealed that the proposed changes go well beyond swapping one number for another. Specifically, Faurecia directs the Court to its "redlined" comparison of the two submissions. (*See* Exhibit "B"). Moreover, even the newly drafted footnote is lengthy and sets forth repetitive argument regarding the central issue of Faurecia's Motion. The disingenuousness found in EEOC's Motion is sufficient, in itself, to deny it. *See generally*, *Dayton Techs., Inc. v. ALCOA*, 31 Fed. Appx. 179, 182 (6th Cir. 2002)

("district court denied plaintiffs' motion . . . because plaintiffs had misrepresented to the court the basis of that motion").

    ii.  EEOC's Motion is Without Merit

Even if EEOC's Motion had accurately set forth its purpose, the Motion would have been without merit. When a non-moving party reviews a moving party's reply brief and then attempts to clarify, supplement, or "correct" its response brief, it is attempting to file an improper sur-reply. *First Realty Prop. Mgmt. v. McDonald & Co. Secs.*, 2008 U.S. Dist. LEXIS 690, *16 (N.D. Ohio Jan. 4, 2008) (filing is an "improper" sur-reply where it "repeats arguments already made" or "makes new arguments"); *Panoke v. United States Army Military Police Brigade*, 2007 U.S. Dist. LEXIS 70331, *40-41 (D. Haw. Sept. 21, 2007) ("Motion to Supplement the Record is DENIED" where it "is simply an attempt to offer a sur-reply without good cause"). This is precisely what the EEOC is attempting to do in this case.

Permitting the EEOC to submit such a filing "would frustrate the purpose of allowing the [] movants to be the first and last to be heard" and "would put the court in the position of refereeing an endless volley of briefs." *Dobbins*, 2007 U.S. Dist. LEXIS 61767, *3-4 n.1 (citing N.D. Ohio L.R. 7.1); *Stephens v. Trust for Pub. Land*, 475 F. Supp. 2d 1299, 1303 (N.D. Ga. 2007). As EEOC's "corrected" memorandum "rebuts arguments made by [Faurecia] in [its] original [brief]," it "constitutes an impermissible 'second bite at the apple.'" *Farmland Indus. v. Nat'l Union Fire Ins. Co.*, 359 F. Supp. 2d 1144, 1146 (D. Kan. 2005).

Finally, courts have rejected subsequent briefing even in the face of allegations that *the opposing party's reply* misstated the law and/or facts. *Stark v. Ppm Am.*, 2003 U.S. Dist. LEXIS 1234 (N.D. Ill. Jan. 24, 2003) (in denying motion to file sur-reply to correct *other parties legal and factual errors*, court held that it "is certainly capable of analyzing the applicable case law,

and fully understands the relevant facts at issue in this case"). Surely, if erroneous information in an opposing party's reply will not warrant additional briefing, deficiencies in a party's own response will not either.

### iii. EEOC's Motion is Irrelevant, Creates Confusion, and Would Prejudice Faurecia

The EEOC's "corrected" memorandum does little more than rehash (perhaps more intelligibly) its prior argument. Not only is this improper, it is also largely irrelevant as the argument has already been refuted by Faurecia's Reply. *Vanguard Transp. Sys. v. Volvo Trucks N. Am., Inc.*, 2006 U.S. Dist. LEXIS 78824, *17 n.4 (S.D. Ohio Oct. 30, 2006) (disregarding subsequent briefing that "rehashed the arguments [the moving party] already made in its opposition"). This is no reason for the Court to consider further briefing and the "corrected" filing still would not salvage EEOC's position.

Finally, Faurecia's Reply understandably referred to and cited provisions of EEOC's Response. If EEOC is permitted to substitute a new Response, Faurecia's Reply would no longer be "on all fours" with the Response. This would create confusion, cause actual prejudice to Faurecia, *and could result in the need for even more briefing.*

### III. **Conclusion.**

EEOC is not entitled to another bite at the apple and its Motion for Leave to File Instanter should be denied. Even if EEOC's Motion were granted, however, it still has not overcome the merits of Faurecia's original Motion.

Respectfully submitted,

BARNES & THORNBURG LLP


*s/Mark S. Kittaka*
Mark S. Kittaka (Pro Hac Vice)
E-mail:  mkittaka@btlaw.com
600 One Summit Square
Fort Wayne, IN  46802
Telephone:  (260) 425-4616
Facsimile:  (260) 424-8316

ATTORNEYS FOR THE DEFENDANT


**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 27, 2008, he electronically filed the above and foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

> C. Larry Watson, Esq.
> Solvita A. McMillan, Esq.
> Equal Employment Opportunity Commission
> AJC Federal Office Building
> 1240 East Ninth Street, Suite 3001
> Cleveland, Ohio  44199


*s/Mark S. Kittaka*
Mark S. Kittaka

FWDS02 JCLAGG 89440v1